IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CREDIT SUISSE SECURITIES, (USA) LLC,<br><br>Plaintiff,<br><br>V.<br><br>RUSSELL G. HILLIARD, ELIZABETH T. HILLIARD, KARYN HILLIARD, KARYN HILLIARD REVOCABLE TRUST, and STUART GILBERTSON,<br><br>Defendants. | CASE NO. 8:07CV17<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiff's appeal (Filing No. 72) from the Order of a Magistrate Judge (Filing No. 71). Plaintiff Credit Suisse Securities (USA) LLC ("Credit Suisse") appealed from Magistrate Judge F.A. Gossett's Order of April 25, 2007, in which he granted (1) the Defendants' motion to compel Rule 26(a)(1) disclosures (Filing No. 50), and (2) the Defendants' motion to compel arbitration (Filing No. 14). For the reasons stated below, Judge Gossett's Order will be affirmed.

**Order Compelling Supplemental Rule 26(a)(1) Disclosures**

Credit Suisse objects to Judge Gossett's order that Credit Suisse serve supplemental initial disclosures in full compliance with Fed. R. Civ. P. 26(a)(1) no later than Monday, May 7, 2007, because the order "assumes without a record basis that Credit Suisse had not fully complied with its initial disclosure obligations, and . . . improperly causes Rule 26(a)(1) to displace Rule 34." (Plaintiff's Statement of Appeal, Filing No. 72, p. 1).

Judge Gossett expressed his doubt that Credit Suisse had complied with Rule 26(a)(1), noting that it had only identified three witnesses, produced three documents, and

reiterated its claim for damages in excess of $2 million.  (Filing No. 71, p. 8).  Judge Gossett noted that sanctions could be imposed under Fed. R. Civ. P. 37, not limited to the exclusion of witnesses and evidence offered by Credit Suisse, if initial discovery was not timely disclosed under Rule 26(a)(1).  Credit Suisse asserts that on May 4, 2007, to avoid any risk of preclusion, it produced to the Defendants all documents the Defendants were seeking.  (Filing No. 73, Plaintiff's Brief in Support of Statement of Appeal, p. 18-19, n. 36-37).  Defendants do not deny that they have received the documents they sought, but note that Judge Gossett's order was needed to effect the disclosures.[1]  (Filing No. 76, Defendants' Brief in Opposition to Appeal, p. 6-7).

Although Credit Suisse states that it has fully complied with Judge Gossett's order and that its Rule 26(a)(1) disclosures have been made, Credit Suisse also asserts that its appeal of the order is not moot, because Credit Suisse did not have sufficient time to seek a stay of Judge Gossett's order pending appeal and produced the records to avoid jeopardy of contempt.  (Filing No. 73, Plaintiff's Brief, p.19, n.37).  Judge Gossett's Order was entered on April 25, 2007, and Credit Suisse's opportunity to appeal extended for ten business days thereafter.  Fed. R. Civ. P. 72(a); NECivR 72.2(a).  Credit Suisse could have sought a stay of the order from Judge Gossett, and, if unsuccessful, could have addressed the request for stay to this Court.  NECivR 72.2(d).  No such request was made.

Whether or not Credit Suisse's appeal of Judge Gossett's order mandating Rule 26(a)(1) disclosures is now moot, the order was not clearly erroneous nor contrary to law.

---

[1] Defendants assert that Credit Suisse has not filed an amended Rule 26 disclosure statement, and that Credit Suisse should be precluded from using documents in any proceeding if the documents were not timely produced.  These issues are not currently before this Court on any pending motion and will not be addressed.

2

See Fed. R. Civ. P. 72(a).  Accordingly, Credit Suisse's appeal of that order will be denied.

**Order Compelling Arbitration**

As a preliminary matter, I view the Defendants' motion to compel arbitration as a pretrial matter not dispositive of a claim or defense, and, therefore, Judge Gossett's order granting the motion will be modified or set aside only if clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Herko v. Metro. Life Ins. Co.*, 978 F. Supp. 141, 142 n.1 (W.D.N.Y. 1997).  I specifically agree with the *Herko* court's reasoning that a motion to compel arbitration is not one of the dispositive motions listed in 28 U.S.C. § 636(b)(1)(A), and is not analogous to any such motion, because under 9 U.S.C. §§ 9-11 federal district courts are vested with authority to vacate, modify, or correct arbitration awards.

In its appeal from Judge Gossett's order granting the Defendants' motion to compel arbitration, Credit Suisse argues that its action against the Defendants is based solely on the Trade Confirmation, signed on August 19, 2005, which contains no arbitration clause. Credit Suisse contends that the New Account Form, dated April 6, 2005, and containing the arbitration clause, was intended to establish an account for the *proceeds* of the sale of the stock covered by the Trade Confirmation and was not intended to govern the sale of preferred stock, such as the stock that was subject to the Trade Confirmation.[2]  Credit Suisse further argues that Judge Gossett's order compelling arbitration is contrary to the holding in *Swensen's Ice Cream Co. v. Corsair Corp.*, 942 F.2d 1307 (8th Cir. 1991), in

---

[2]Multiple copies of the Trade Confirmation and the New Account Form appear as attachments to the Defendants' Declarations in support of their Motion to Compel Arbitration, Filing Nos. 16-20.

3

which the Eighth Circuit Court declined to apply an arbitration clause in an earlier contract to a dispute arising between the same parties in a later-executed contract.  *Id.* at 1309-10.

The New Account Form, drafted by Credit Suisse and signed by the Defendants on April 6, 2005, contains the following:

> AGREEMENT TO ARBITRATE CONTROVERSIES:
>
> IT IS AGREED THAT ANY CONTROVERSY BETWEEN US ARISING OUT OF YOUR BUSINESS OR THIS AGREEMENT SHALL BE SUBMITTED TO ARBITRATION CONDUCTED BEFORE ANY NATIONAL SECURITIES EXCHANGES ON WHICH A TRANSACTION GIVING RISE TO SUCH CLAIM TOOK PLACE (AND ONLY BEFORE SUCH EXCHANGE) OR THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., AND IN ACCORDANCE WITH ITS RULES.

In contrast, the agreement at issue in *Swensen's* provided: "In the event of any dispute between Franchisor and Franchisee with respect to the interpretation, performance or alleged breach of this Agreement, such dispute shall be submitted to and resolved by arbitration in accordance with the rules of the American Arbitration Association . . . ." *Swensen's*, 942 F.2d at 1309.  The arbitration clause in the New Account Form is broader than that in *Swensen's*, and it is reasonable to conclude that the parties intended it to cover future business, including transactions in the nature of the Trade Confirmation signed on August 19, 2005.

Credit Suisse's argument that the New Account Form was to be used *exclusively* for the *proceeds* of the sale of the stock governed by the Trade Confirmation is also not persuasive.  In Section VII of the New Account Form, the new account holder is asked to disclose certain "Financial and Employment Information," including eleven options to describe the "Source of the Funds for this Account."  One of the options, checked on the

form in question, is "Investment Proceeds." This section of the New Account Form can best be described as a due-diligence inquiry used by Credit Suisse to ensure that it is aware of an account holder's investment experience, sophistication, income, net worth, and risk tolerance. Credit Suisse suggests that the "X" on the New Account Form (indicating that investment proceeds would be a source of funds for the new account) created conditions precedent, causing the New Account Form and its arbitration clause to be operable only if the sale of stock described in the Trade Confirmation was effected and the proceeds were later deposited in the new account. Whether or not the Defendants in fact intended to use the proceeds from the sale of the stock described in the Trade Confirmation as a source of funds for the account established by the New Account Form, I reject the argument that the sale of the stock and the deposit of any such proceeds were conditions precedent to the agreement reflected in the New Account Form.

Finally, Credit Suisse argues that the New Account Form and its arbitration clause were only intended to cover "brokerage" transactions and not the sale of preferred stock, such as that which was to be effected through the Trade Confirmation. The arbitration clause in the New Account Form, drafted by Credit Suisse, purports to govern the account holder's "BUSINESS" with Credit Suisse in addition to the New Account Form agreement itself. Judge Gossett's conclusion that the arbitration clause in the New Account Form governed the terms of the Trade Confirmation was not clearly erroneous nor contrary to law, and I concur with that conclusion.

Credit Suisse's appeal from the order compelling arbitration will be denied. Credit Suisse's Motion to Stay the order compelling arbitration is moot in light of the arbitration panel's order staying its proceedings pending resolution of this appeal (see Notice

5

Regarding Order of Arbitration Panel, Filing No. 80), and due to this denial of Credit Suisse's appeal from the order compelling arbitration.

IT IS ORDERED:

1. The Plaintiff Credit Suisse Securities (USA) LLC's Statement of Appeal (Filing No. 72) from Magistrate Judge Gossett's Order dated April 15, 2007, is denied;

2. Magistrate Judge Gossett's Order (Filing No. 71) granting the Defendants' Motion to Compel Rule 26(a) Disclosures and granting Defendants' Motion to Compel Arbitration is affirmed; and

3. The Plaintiff Credit Suisse Securities (USA) LLC's Motion to Stay Arbitration Pending Appeal (Filing No. 74) is denied as moot.

DATED this 23rd day of July, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge